Katherine Slider v. Commissioner.
Slider v. Commissioner
Docket No. 83781.
United States Tax Court
T.C. Memo 1961-253; 1961 Tax Ct. Memo LEXIS 103; 20 T.C.M. (CCH) 1327; T.C.M. (RIA) 61253; August 31, 1961
Katherine Slider (Thompson), pro se, 100 Riggs Circle, Marshall, Tex. Richard F. McDivitt, Esq., and Allen T. Akin, Esq., for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the year 1955 in the amount of $125.28. The issues for decision are: (1) Whether respondent erred in determining depreciation on an apartment house together with the improvements thereto, on the basis of an estimated useful life of 15 years from January 1, 1954; and (2) whether respondent erred in disallowing $71.85 of the deduction claimed by petitioner as expenses in connection with her rental property. Findings of Fact Katherine Slider (now Katherine Thompson), *104 hereinafter referred to as petitioner, and James L. Slider, her husband, now deceased, resided in Marshall, Texas, during the taxable year 1955. They filed a joint income tax return for that year with the district director of internal revenue at Dallas, Texas. On or about January 1, 1949, petitioner purchased an apartment house at 507 East Houston Street, Marshall, Texas, for a cost exclusive of land of $3,000. The house was approximately 55 years old and in a poor state of repair when petitioner purchased it. At that time the front and back porches were dilapidated, the house needed a new roof, and the floors and walls needed to be redone. Shortly after purchasing the house, petitioner proceeded to repair and remodel it. She tore off the porches, put sheetrock in the house instead of paper, put on a new roof, resurfaced the floors, and made other similar renovations. The total cost of this remodeling which was completed about March of 1949 was $4,146.64. Petitioner made no major repairs to the electrical wiring or plumbing in the house at that time. The work done by petitioner in 1949 was necessary to enable petitioner to secure the type of tenants to whom she wished to rent the *105 apartments. In computing her income tax for the year 1949, after consulting with an Internal Revenue Service agent, petitioner used a 15-year useful life on the original cost of the apartment house and a 10-year useful life on the improvements made in that year, and no change was made by respondent with respect to the depreciation as taken by petitioner in that year. In 1950 petitioner added two kitchens, two dinette areas, and two baths to the apartment house at 507 East Houston Street at a total cost of $3,455.75, and in her return for 1950 used a 10-year useful life for these improvements in computing depreciation. For the years 1951, 1952, and 1953 petitioner continued to take depreciation on the original cost of the apartment house on the basis of a useful life of 15 years from the date of acquisition by her and on the various improvements on the basis of 10 years from the date such improvements were made. Respondent made no change in the depreciation taken by petitioner for these years. For the year 1954 which is not here in issue, respondent changed the depreciation as reported by petitioner to a 15-year useful life from January 1, 1954, for the apartment house and the *106 improvements made thereto. In 1955 petitioner added two new bathrooms to the apartment house at 507 East Houston Street. Petitioner lived in one of the apartments in the house at 507 East Houston Street and a reasonable allocation of the amount of the property used for petitioner's personal use is two-fifteenths. In 1954 and 1955 petitioner did not change the use she made of the apartment house at 507 East Houston Street, but continued to use it primarily as rental property, renting to the same type of tenants at no increase in rents. Petitioner owns other apartment properties which are considerably newer than the apartment house at 507 East Houston Street and which she has depreciated on the basis of a 20-year useful life, and respondent has made no change in the useful life used by petitioner for these buildings. Petitioner owns an apartment house at 401 North Columbus Street in Marshall, Texas, for which she paid $8,000. For the year 1955 she took depreciation on the entire $8,000, whereas a proper allocation of the purchase price of the Columbus Street apartment is $1,000 for the land and $7,000 for the house. Petitioner owned another old apartment house during the year *107 1955 on which she claimed depreciation on her tax return on a 20-year useful life, although she intended to use a 15-year useful life for this apartment house in computing depreciation. The apartment house at 507 East Houston Street, because it is old, requires more repairs than a new building, but with such repairs will be usable for apartment rentals for a period in excess of 15 years from January 1, 1954. Petitioner, on her tax return for 1955, claimed depreciation on the apartment house at 507 East Houston Street as follows: House E. Houston
1-1-49
$3,000.00
15
$ 200.00
Improvements
1-1-49
4,146.64
10
414.66
Furniture
1-1-49
2,869.54
10
286.96
Improvements
1-1-50
3,455.75
10
345.57
Furniture
1-1-50
1,286.94
10
128.70
Improvements
1-1-55
2,593.56
10
259.35
Furniture
55
597.79
10
59.77
$1,695.01
Personal
120.22
$1,574.79
Explanation of 1955 improvement
Addition of 2 rooms and completely redoing
McPhails
$191.88
Harrison Co.
39.01
Temple builders
650.41
71.00 Lawson, Miller and Parker metal work
198.14 Logan and Whaley Paint
14.91 Sherwin Williams sander
28.56 Burdeauz
89.65 Brown painting and paper
87.25 Johnson painting
232.00 Reynolds and Black Carpentry
975.00 Lloyd plumbing
15.75 Laughlin electric work
$2,593.56
*108 Respondent, in his notice of deficiency, disallowed a portion of the depreciation claimed by petitioner with the following explanation of the depreciation he determined to be allowable: Esti-
De.
Basis
mated
Depre-
Depre-
Esti-
precia-
for
Life
ciation
ciable
mated
tion Al-
Date
Depre-
to
Reserve at
Balance
Life at
lowed
Item
Acquired
ciation
12-31-53
12-31-53
at 1-1-54
1-1-54
1955
Frame House - 507 E. Houston
1-1-49
$3,000.00
15
$1,000.00
$2,000.00
15
$133.33
Improvements - 507 E. Houston
1-1-49
4,146.64
10
2,073.32
2,073.32
15
138.22
Furniture - 1-1-49
2,869.54
10
1,434.77
1,434.77
5
286.96
Improvements - 507 E. Houston
1-1-50
3,455.75
10
1,382.32
2,073.43
15
138.23
Furniture -
1-1-50
1,286.94
10
514.76
772.18
6
128.70
Improvements - 507 E. Houston
1-1-55
2,593.56
2,593.56
14
185.27
Furniture -
55
597.79
597.79
10
59.77
On her income tax return for 1955 petitioner claimed expenses in connection with her rental property in the amount of $1,138.79. The respondent, in his notice of deficiency, disallowed the amount of $71.85 with the following *109 explanation: (c) It is determined that miscellaneous rent property expenses claimed for cost of books, magazines, food, toiletries, etc. furnished tenants, etc. in the amount of $71.85 for the year 1955 should be disallowed. * * * Petitioner has failed to show that respondent erred in his computation of depreciation on the apartment house at 507 East Houston Street, Marshall, Texas, or in disallowing $71.85 of the miscellaneous expenses claimed by petitioner. Opinion Section 167(a) of the Internal Revenue Code of 1954 provides for a depreciation deduction of a reasonable allowance for exhaustion, wear, and tear of property held for the production of income. Normally, capital assets are used in a taxpayer's business for their entire economic life and the depreciation base in such cases has long been recognized as the number of years the asset may reasonably be expected to function profitably in use. Cf. Massey Motors v. United States, 364 U.S. 92 (1960). Petitioner in the instant case does not contend that the economic useful life of the house at 507 East Houston Street in her business of renting apartments is other than the economic useful *110 life of the building for rental purposes. Petitioner's main argument is that respondent has not shown any reason for changing the useful life on which depreciation had been taken by her for the years 1949 through 1953, or why the useful life of this old building was changed when he did not change the 20-year useful life claimed on the new buildings or reduce the 20-year useful life used for another old building to 15 years. Petitioner has offered no evidence whatsoever to show that the respondent's determination of the useful life of the property here involved is in error. The determination by the respondent carries a presumption of correctness and the taxpayer has the burden of proving it to be wrong. Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner has not met this burden of proof. The petitioner offered no evidence to show error in respondent's disallowance of $71.85 of the amount claimed by her as expenses and for this reason respondent's action is sustained. Decision will be entered for the respondent.